Good morning, Your Honors. May it please the Court, my name is Vikram K. Badranath, Counsel for Petitioner Sarah Sanchez-Resendez. I would, if I may, like to reserve two minutes of time for rebuttal. I will help you with the clock. Thank you, Your Honor. Your Honors, this case illustrates the correct application of the categorical and modified categorical approach in determining and assessing whether or not a state statute comports with the federal immigration statute. Do you doubt that this is a divisible statute? Your Honor, that's an excellent question. Thank you. It is our position, Your Honor, that the statute in question is indivisibly overbroad, and therefore it is not a divisible statute. What does that mean? What does that mean to be indivisibly overbroad? Your Honor, I think this question is illustrated by the Supreme Court's decisions as reaffirmed in de Camp and Moncrieff, as reaffirming Taylor v. United States, as well as its own — this Court's own decision in Rendon v. Holder. Okay. But despite all those cases, I mean, de Camp obviously sets forth the law at this point on that, and de Camp makes clear that if the statute is divisible, meaning that in the same statute there are several possible crimes, that you then apply the modified categorical analysis. And that's what we have here, is it not? Your Honor, in fact, no. De Camp teaches something different. De Camp is a reaffirmation of Taylor v. United States. And essentially what the Supreme Court was saying in de Camp is that not all offenses will require a divisibility analysis, even though they may be — Where do you get that out of Taylor? Your Honor, this is a reaffirmation of Taylor in de Camp. No, I understand that. I'm saying where in Taylor do you get the concept that, looking at de Camp, that that is somehow a reaffirmation of Taylor? Of course, they refer to Taylor because that's where the categorical and modified categorical analysis came from in the first place. But aside from that, how in is de Camp a reaffirmation of Taylor? That's an excellent question, Your Honor. And the answer is, it's based in the Sixth Amendment right to a jury trial. And as this Court has held in Rendon v. Taylor, that even though there are statutes that may have to be — The Sixth Amendment right to a jury trial? Yes, Your Honor. That's what Taylor's about? Yes, Your Honor. Under the Armed Career Criminal Act, in assessing whether or not an offense is a categorical offense, the Court is concerned not what the actual facts are, but what are the elements of the offense, as illuminated by what the jury actually had to find an individual guilty. I think the question that the Court is asking is, jury unanimity required? And as the Board of Immigration Appeals held in matter of Chires, as also the — this Court has held in Rendon v. Holder, in order for an offense to be divisible, there must be jury unanimity. And in this particular case — I won't read that into either Taylor or Descamp. In your brief, did you say this was categorical, a match, or did you apply the modified categorical approach? Your Honor, it's our position that the Petitioner — Because I thought you went — everybody was using the modified categorical approach. That's correct, Your Honor. And this is the difficulty with the modified categorical approach, is that courts have used this indiscriminately, if you will. Categorically, the immigration judge in this particular case determined that this offense is a crime involving moral turpitude under all circumstances. I think the government — Because it involved marijuana for sale, and he looked at judicially noticeable documents in making that conclusion. So where is the error under the Descamp's ruling that we apply the modified categorical approach? Your Honor, the statute in question, ARS 133405A4, is not simply a statute that involves possession of marijuana, for example. Possession of marijuana for sale — That's why I was puzzled by your answer to Judge Smith's question, because it seems to me that for that reason, the statute is divisible. One can be convicted of importing marijuana for personal use under the Arizona statute that you cite, which would not be a crime involving moral turpitude. Your Honor, the — Isn't that true? We would disagree with that, Your Honor, because — That would not be a potential offense under Arizona 13-3405A4? Perhaps, if I may rephrase. Potentially, that would be an offense, importation — Which makes it divisible, does it not? Because that would not be a crime involving moral turpitude under the immigration statute. It does not, because this offense is not a possession offense or a trafficking offense. It is instead facilitation. And — Well, it's essentially akin to aiding and abetting the importation of marijuana for sale, which is a violation of Federal law under the Controlled Substances Act, 841A1 — Your Honor, this offense facilitation is more akin to accessory before the fact, rather than aiding and abetting. And aiding and abetting the statute requires a specific intent that an individual act to aid or abet the — I thought your client supplied the vehicle, the load vehicle, that the drugs were concealed in. Again, Your Honor, in this particular case, the court must not consider the facts of the underlying offense. It must look at the elements of the offense. That's only if you're dealing with the categorical. If you're dealing with modified categorical, of course we look at the — what the charging documents and the other documents find in connection with the case, right? That's true, Your Honor. However, this court not — need not even go to the modified categorical approach because this statute is indivisibly overbroad. You keep saying that, but you're trying to create a third category that no case recognizes. It's either a divisible statute or it is an indivisible statute. If it's divisible, we apply the modified categorical approach. If it is indivisible, then we can make a categorical match. It's one or the other, counsel. Your Honor, in the comp, the court held that elements are those facts about the crime which the Sixth Amendment contemplates that a jury, not a sentencing court, will find unanimously and beyond a reasonable doubt. So the question is, does Arizona — this State of Arizona law require jury unanimity regarding the portion of 1344 — 3405A4 for which the facilitator violated? If jury unanimity is required, then we're talking about alternative elements as the comp held. Well, I'm looking at 13-3405A4, and it says, a person shall not knowingly transport for sale or import into this State, sell, transfer, or offer to sell or transfer marijuana. And that was the charge, correct? That's the key, Your Honor, because this particular statute includes crimes involving moral turpitude and crimes that are not involving moral turpitude. For example, this offense also includes offer to sell, solicitation to sell. This court has held in Coronado d'Orazio and Leyva, Lucia that solicitation offenses do not — from the Santa Cruz County District Attorney, to which your client pled guilty, and it specifically recites that at this time he enters a plea of guilty to solicitation, paren, unlawful transportation of marijuana for sale, paren, a Class 6 felony. Why can't the immigration judge look at that judicially noticeable document and conclude under the modified categorical approach that this is a crime involving moral turpitude because it matches the Federal Drug Trafficking Statute? The reason, Your Honor, is because the statute includes crimes that are non-morally turpitudinous and crimes that are morally turpitudinous. Counsel, with respect, I think you need to go back and look at what the Court said about what's divisible and non-divisible. And let me ask you, you know, if we apply the modified — let's just — if you had to apply the modified categorical approach, and we disagree with you that we have to apply the modified categorical approach, what's your argument that it's not — doesn't fall within the modified categorical? The argument is that this offense is facilitation. This — this offense is not an offense of under — of drug trafficking, per se, a principal offense. Because of facilitation? Because it seems like, because it is for sale, are you saying that — are you focusing on the for sale, or are you focusing on the facilitation? We're — we're focusing on the elements of the statute. And the elements of the statute in this particular offense is, if you will, statute stacking. It's not one statute. It's two statutes. Facilitation to commit an underlying offense, if you will, the unlawful — But it says for sale when you look at the documents. So doesn't that matter? It doesn't matter because in another aspect, the Board of Immigration Appeals has also held that not all drug trafficking crimes are crimes involving moral turpitude. In matter of Korn, as we've briefed, the Board of Immigration Appeals held that specific intent or knowledge to carry out the underlying drug trafficking offense is required in order to constitute a crime involving moral turpitude. In another case, matter of Abreu Semino, the BIA held that an alien who was convicted of an unlawful possession of sale was not convicted of a crime involving moral turpitude. So under the Board's own present decisions — Do we have Lopez control here? It does not, Your Honor. Tell me why not. Two reasons. One, that involved a solicitation statute. And two, it involved — it also involved a statute under Arizona law under 133505A2 which only dealt with possession of marijuana for sale. So possession of marijuana for sale is clearly a drug trafficking crime. But you agree with that? I do agree with that. Okay. Well, here, when you look at the documents, it says it was for sale. That is true, Your Honor. But the comp teaches us and Rendon v. Holder teaches us that the court cannot conduct a modified categorical analysis because jury unanimity is not required to reach all of the elements under 1345. I think we're just going around in circles. You've used up all your time here. I'll give you a minute in rebuttal. But before you sit down, could you explain to the court, as I understand it, the United States has proposed to remand this matter to the board, but you oppose it. And can you explain to us why we should not grant the government's motion? Yes, Your Honor. In fact, the government has not moved to remand this case. The government has requested the court send the case to mediation. Mediation is a situation where there is no dispute. Oh, I thought they had indicated that the case had been reopened. No, Your Honor. The government has made very clear that they're moving for mediation. Okay. All right. If that's it, then I won't push on why you don't want to mediate. Thank you, Your Honor. I'm curious, though, why you wouldn't want to mediate. Your Honor, there's nothing to mediate. As the briefing clearly illustrates, there is this disputed legal conclusion between the petitioners. Even though they're willing to mediate. You don't think, especially after today, in the last 15 minutes, that there is a reason to mediate? Your Honor, in this particular case, it would be our position that, no, there is no reason to mediate this case. Okay. Got it. We got it. Thank you. Let's hear from the government. Good morning, Your Honors. May it please the Court. Carrie Monaco for the Respondent, the U.S. Attorney General. I want to address the motion for mediation at this point. We are asking the Court to submit this case to mediation, and the government is now prepared to move for remand in this case, and would like to go to mediation to discuss the terms of remand with our opposing party. Well, wait a second, counsel. If you're going to remand the case to the Board, why shouldn't we just grant your motion to remand, and then it'll go back to the Board, and you can do what you're going to do? Why do you need mediation? Are you talking about a limited remand? No, not necessarily. We just would like to discuss the terms of remand with the petitioner. I mean, we don't normally condition our orders. I mean, either we grant a motion to remand, or we deny it. And I can't remember the last time I denied one. Are you saying you're no longer seeking mediation? You're now formally moving to remand? We are prepared to move for remand, yes. If you're prepared, does that mean you are moving to remand? Is this a motion, or is it not? Yes, we're moving to remand this case. Where does mediation come in, then? Well, we filed for mediation last week, because we were still exploring whether remand was appropriate. And I can now say today before the Court that the government is prepared to move for remand. You're okay with we just remand it? Because what we don't want, given the current posture of the government, is just to park thousands of cases with our poor mediation office, where there's no ability on its part to do anything. And some of the litigants, for reasons known only to them, want to move forward with the case. They don't want it stuck there. So is it your statement now, given the sense that you have of the panel, you want us to remand to the BIA, forget about mediation? Is that correct? Yeah, I mean, if Petitioner's Counsel is not willing to participate in mediation, I don't see the point in it. He makes that pretty clear, or at least he did two minutes ago. So remand would be the most appropriate option. And let me explain. Why wouldn't you rather have an order from the Court simply denying the petition for review, and then you can remove his client? Well, that's what I wanted to explain, why remand is appropriate in this case. Okay. So I think everyone is in agreement that the immigration judge and the Board went straight to the modified categorical approach. And we now know, post Descamps and Rendon, that you can only get to the modified categorical approach if there's a divisibility analysis and if the statute is, in fact, divisible. The parties have never had an opportunity to address that issue. It's never been briefed. But we actually think it's more appropriate to send the case back to the agency to look at the categorical analysis in this case, which should be the first step. Do you think the statute is indivisible? No. We're not conceding on the divisibility issue. All I'm saying is that we would like an opportunity to brief that issue if the court wants to get to that. I'm curious, because it looks like everybody went directly to the modified categorical approach, the IJ, the parties in briefing. So do you think, because I was going to ask you if you concede that the modified We actually think there's a possibility that the board could find that there's a categorical match in this case, and the divisibility analysis and modified analysis would become futile. And did that just become new to you? I mean, I'm curious why you didn't argue that if you thought that initially. What has changed? Because the agency never decided on the categorical issue. Take my hypothetical that I inquired of opposing counsel. Isn't it true that a person who commits this offense but for personal use as opposed to sale would not constitute a crime involving moral turpitude? Well, what we think that the argument would be in favor of those is what we have here are three Is that a yes or no question? It's no with an explanation or yes. You're right, Your Honor. What's the answer? Well, you have to look at it in the context of the second part of the conviction, which shows that the amount of marijuana was at least two pounds, which from a Google search. The charging document says 340 pounds. Right, but if we're looking from a categorical analysis, if we're looking at the statute that she was convicted under, the statute just specifies an amount of  But you haven't answered my question. No, my answer to your question is that we would argue that possession of marijuana of more than two pounds can be found to be a crime involving moral turpitude. And so what the board would look at on a categorical analysis on remand is what That's not the analysis. The analysis is that you look at the statute on its face and you ask whether or not the statute is divisible, meaning that in all the ways that the statute can be violated, the result would be a crime involving moral turpitude. If you conclude that there is at least one way in which the statute on its face can be violated, that it would not be a crime involving moral turpitude, then under DeCamp and Taylor and all the cases that we've wrestled with since, then it is an indivisible statute, in which case the Supreme Court tells us we apply the modified categorical. You mean indivisible. Thank you. Divisible. Well, I'm arguing that the conduct listed in 3405A4, that all of that conduct in the context of two pounds of marijuana can be a crime involving moral turpitude. It's a modified categorical question. No, that would be the categorical match, because you have to look at both parts of the statute. It's almost an analytical law school, substantive criminal law question. Looking at the statute and all the ways in which it can be violated, is there any way in which the statute could be violated which would not involve a crime involving moral turpitude? And the answer is yes. Not with two pounds of marijuana. But it doesn't say only two pounds, it says at least two pounds. But the conviction statute includes both parts. And that's my point, is that you look at the conduct with the amount of marijuana to determine whether that's a crime involving moral turpitude. The conviction statute is two parts. There's the conduct and there's the amount of the drug. And both parts make up the conviction. And so we'd be looking at whether the conduct in A4 plus two pounds of marijuana would be a crime involving moral turpitude. Counsel, I understand the government wants to delay some of these cases. I get that. But I've never heard anybody from the government make the argument that you've made. My colleague has clearly and correctly stated what is and is not a divisible statute. You seem to be fighting against that for some reason. I can tell you that I look at it. There's no way this is anything but a divisible statute. And we agree. Okay, and that's the case then. I agree. And that's the case. Then you get to the modified categorical analysis. And under the modified categorical analysis, you bring in the facts. And based upon what the BIA did, it seems like they did what the law permits. And it then has the other consequences. If we want a different result here, why don't you just exercise your prosecutorial discretion and administratively close this file and move for dismissal of the appeal on the grounds that it's moved? No, we agree. We have arguments that the statute is divisible. And we stand fully by our brief in its analysis of the modified categorical approach. Our concern was that the parties have never had a chance to brief the divisibility issue. Well, how did they not have a chance? When did they never have a chance? Pardon? Why didn't they have a chance? Under the new case law, the parties have never had a chance to brief the divisibility issue and how discounts and Rendon apply to the statute at issue and whether the statute is in fact divisible under those cases. We're supposed to send this back down so that it can then come back up on another round of appeals and take the time of yet three more judges and their law clerks when we have 14,000 cases on our docket, including 8,000 immigration cases. No. This is starting to sound like we're just doing this because you have nothing better to do with your time. No. Our argument is twofold. Our primary argument was to remand to allow the board to address under a categorical analysis whether this is a crime involving moral turpitude. And you're going to take the position before the board that it does, correct? Correct. Well, then we're going to be right back here three years from now with another appeal assuming that the board rules in your favor. I just don't understand why the government is taking the position it's taking. All I see is a complete waste of our time. That's not our intention, Your Honor. We were concerned about the lack of briefing on the divisibility issue before this court. So if the court is not inclined to remand, we would request that the court allow additional briefing for both parties to address the divisibility issue to determine whether the immigration judge's analysis under the modified categorical approach is appropriate. What if we don't need any additional briefing? That we think we understand the law well enough and the record is satisfactorily developed that we are prepared to rule now? Then we urge the court to find that the statute is divisible and find that the modified categorical approach was applied appropriately and deny the petition for review. All right. Thank you very much. We'll hear from your opponent. I'll give you a minute and rebuttal, and then we'll move on to the next case. Thank you, Your Honors. Two points. First of all, I'm surprised to hear the government say that there's a possibility that this particular offense is a categorical match to a crime involving moral turpitude. In their briefing at page 21, the government cites to an unpublished decision from this court in Luna v. Holder in which the court interprets this particular subsection, A-4, and finds that it does include non-morally turpitudinous conduct. So then we get to the modified categorical analysis, right? Well, no, Your Honor. Again, and I'm going to answer your question because I think, Judge Smith, you have hit the nail on the head. Why is the government — I feel good about that. I do, too, Your Honor. I'm glad you asked that. And the question is, why would the government move to — request mediation and now move to remand? There's an answer, and the answer is contained in the filing with this court for mediation, the court that the government cites to Rendon v. Holder. And again, that case controls the outcome on this case. Rendon v. Holder teaches us that jury unanimity is required in order to find that there is divisibility and, therefore, a modified categorical approach. But you know what? I've been on this court 10 years. I have never heard a single lawyer ever make that argument. I hope I never do again. Your Honor — It has absolutely nothing to do with whether the statute is divisible. Nothing. Your Honor, I cite to Decompt — these are words — Fred Decompt. Fred Decompt and the Board of Immigration Appeals' own decision in matter of charres, Your Honor. Excellent. Well, thank you. Thank you. Thank you, counsel. The case just argued is submitted. We will get you a decision both on the government's motion to remand and if we deny that on the merits. And we will now hear argument in the case of United States of America v. John Abel, No. 14-10165.
judges: Tallman, Smith, Murguia